

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2004

# Delande v. ING Empl Benefits

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3737

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Delande v. ING Empl Benefits" (2004). *2004 Decisions*. Paper 220.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/220

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-3737

BRIDGET DELANDE,

Appellant

v.

ING EMPLOYEE BENEFITS; RELIASTAR
LIFE INSURANCE COMPANY; ABC CORPORATION,
and JOHN DOES 1-10 (said names being fictitious)

Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 01-cv-03682)
District Judge: Garrett E. Brown, Jr.

Submitted Under Third Circuit LAR 34.1(a)
September 20, 2004

Before: McKEE, ROSENN and WEIS, Circuit Judges

(Opinion filed:    October 19, 2004)

OPINION

McKEE, Circuit Judge:

Bridget Delande seeks review of the district court's grant of summary judgment in

favor of ReliaStar Life Insurance Company.  Because we find that ReliaStar's benefit

determination was not arbitrary and capricious, and there is no genuine issue of material

fact, we affirm the grant of summary judgment.

## I.

Delande was a customer service representative for MicroWarehouse. ReliaStar administers the disability plan for Micro Warehouse and approved long term disability benefits for Delande when she was injured in a car accident on July 18, 1999. After conventional treatment proved to be ineffective for her back injuries, Delande underwent surgery to correct a herniated disc and degenerative disc disease. In the months following the surgery, Delande's physician, Dr. Dhawlikar, evaluated her recovery during follow-up appointments. ReliaStar considered those medical evaluations in determining Delande's continued eligibility for disability benefits.

In January 2001, an independent physician also reviewed Delande's medical records and determined that Delande was no longer "disabled," A. 148. "Disabled" is defined under the Plan as being "unable to do the essential duties of your own occupation, due to sickness or accidental injury." A. 110. Thereafter, ReliaStar notified Delande that her benefits would be terminated. A.149. Delande appealed the decision according to the terms of the Plan and upon a final adverse determination by ReliaStar, she filed the instant suit in district court.

The district court granted ReliaStar's motion for summary judgment using a heightened form of the arbitrary and capricious standard. The court concluded that ReliaStar gave her claim full and fair review but accepted the contrary medical findings

2

of her own physician.  The court also concluded that ReliaStar was not under any obligation to provide an independent medical examination. A.11.

## II.

We have jurisdiction pursuant to 28 U.S.C. §1291.  We exercise plenary review over the grant of summary judgment and review the facts in the light most favorable to the party against whom summary judgment was entered.  *Pi Lambda Phi Fraternity, Inc. v. University of Pittsburgh,* 229 F.3d 435, 441 (3d. Cir. 2000).  Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is therefore entitled to judgment as a matter of law.  Thus, the moving party is entitled to summary judgment when the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party or where the facts are not disputed and there is no genuine issue for trial.  *Matsushita Electrical Indus. Co. Ltd v. Zenith,* 475 U.S. 574, 586-97.

## III.

ReliaStar's plan is governed by ERISA.  29 U.S.C. § 1132(a)(1)(B).  The Plan gives ReliaStar final discretionary authority to interpret its terms and determine benefit eligibility.  Accordingly, we review ReliaStar's decision under an arbitrary and capricious standard.  *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  This standard of review is subject to a "sliding scale" because ReliaStar both funds and administers the benefits. Under the "sliding scale" a court should consider the nature and

3

degree of apparent conflicts of interests when reviewing under the arbitrary and capricious standard. *Pinto v. Reliance Standard Life Ins. Co.* 214 F.3d 377, 393 (3d. Cir. 2000). We review the evidence that was before the administrator when it made the decision and the decision will only be overturned if it is "without reason, unsupported by the evidence or erroneous as a matter of law." *Abnathya v. Hoffman-LaRoche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993) (internal quotations and citations omitted). *See also Mitchell v. Eastman Kodak Co.,* 113 F.3d 433, 440 (3d.Cir. 1997).

The district court carefully reviewed the record as explained in the court's oral decision delivered on September 3, 2002. App 6-13. The court explained that ReliaStar's decision was based upon a lack of objective evidence regarding Delande's ongoing disability. We agree, and we will not substitute our judgment for the that of the Plan administrator. The decision to terminate Delande's long term disability benefits was not arbitrary and capricious and we will therefore affirm the district court's grant of summary judgment.